LOVEJOY v. SHULTZ.

Court of Appeals of District of Columbia.
Submitted March 13, 1928. Decided May 7, 1928.

No. 2037.

Patents ⬅48—Improvement in automobile shock absorbers held not inoperative.

Senior party to interference proceeding involving automobile shock absorbers *held* properly awarded priority as constituting an operative improvement.

Appeal from the Commissioner of Patents.

Interference proceeding between Ralph M. Lovejoy and Albert B. Shultz. Decision for the latter, and the former appeals. Affirmed.

F. A. Tennant, of Boston, Mass., and C. E. Riordon, of Washington, D. C., for appellant.

J. S. Powers, of Buffalo, N. Y., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Shultz is the senior party. Lovejoy, the junior party, denies that Shultz is entitled to make the counts of the interference, claiming that the Shultz structure, as disclosed in the application, is inoperative and utterly lacking in usefulness.

The issue is stated in four counts, of which count 1 is illustrative, reading as follows, to wit:

"1. A shock absorber adapted to be arranged between two relatively movable members, comprising a cylinder adapted to be connected with one of said members, a piston arranged in said cylinder and adapted to be connected with the other member, and a liquid reservoir, said piston having a port and said cylinder having a port leading to said reservoir, said ports being adapted to register and place said cylinder and reservoir in communication with each other during the central part of the stroke of said piston in the cylinder but to cut off communication through these ports between the cylinder and reservoir when the piston is at either end of its stroke."

It thus appears that the invention relates to an improvement in automobile shock absorbers of the hydraulic reciprocating piston type. Such a shock absorber consists of a casing containing a cylinder and a fluid reservoir, separated from one another by a partition, but intercommunicating at the top. A piston with a downward skirt moves in the cylinder, and its action is in some measure regulated or controlled by two valve-equipped ports located between the cylinder and the fluid reservoir. One of the ports freely permits the flow of the fluid from the reservoir into the cylinder, but automatically prevents a reverse flow of the fluid; whereas, the other, by means of a spring-regulated valve, permits the fluid to flow from the cylinder to the reservoir. The piston is attached by a projecting arm to the axle of the car, and the casing is attached to the car's body; accordingly the regulation of the relative movements of the piston and casing serves to absorb the shocks produced by sharp depressions or elevations in the roadway.

Shultz sought to improve upon this construction by providing an open port in the skirt of the piston and a similar port in the partition between the cylinder and oil reservoir, the two ports being so located as to register when the piston is at a normal position. Shultz stated in his application that the ports were "so designed that the same offers practically no resistance while the relatively moving parts of the car are in their neutral position and thus permits the springs of the car to carry the load easily and freely and without interference from the shock absorber." At first the diameter of each port was three-sixteenths of an inch, but later it was reduced to one-sixteenth.

Lovejoy contends that this device is inoperative for any satisfactory purpose, because the ports as disclosed are too large to offer any resistance to the movement of the piston when they are in registration. Lovejoy claims that the flow of the fluid through the registering ports would be so

little impeded as to offer substantially no resistance to the downward movement of the piston, and consequently would not function to absorb shocks, but would prove to be an actual disadvantage. The application filed by Lovejoy is based upon ports essentially similar to those of Shultz, except that they are smaller in size. Lovejoy claims that the ports provided by him will absorb such shocks as occur when the springs are only slightly flexed, leaving the greater shocks to be absorbed as otherwise provided for.

The tribunals of the Patent Office, however, have unanimously held that the Shultz improvement actually results to a useful extent in reducing or absorbing the minor shocks incident to slight irregularities in the traveled roadway, and that it is not inoperative. Priority of invention, therefore, has been awarded to Shultz by their concurrent decisions. A review of the record convinces us that, while this result was not primarily contemplated by Shultz, it was nevertheless inherent in his disclosure, and required only mechanical skill to make the device effective for that purpose. We therefore agree with the conclusions of the Patent Office that the Shultz improvement is not inoperative.

The decision of the Commissioner of Patents is affirmed.